**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GEORGE GUTHRIE,**                                                          **PLAINTIFF**
**ADC #163208**

**V.**                 **CASE NO. 4:16-CV-613-KGB-BD**

**MELANIE D. JONES-FOSTER, et al.**                           **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Parties may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**     **Discussion:**

    A.     Background

Plaintiff George Guthrie, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit claiming deliberate indifference to his medical needs at the Wrightsville Unit of the ADC. (Docket entry #2)

Defendants Jones-Foster, Abhulimen, Mullins-Blanks, and Dempster have moved for summary judgment on the issue of exhaustion. (#17) Mr. Guthrie has also moved for summary judgment, and argues that he did exhaust. (#21) Defendants have responded to Mr. Guthrie's motion. (#26)

B.   Standard

A party is entitled to summary judgment when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute about any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

C.   Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss all civil rights claims that were not fully exhausted prior to the date the lawsuit was filed. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

To fully exhaust administrative remedies at the ADC, inmates must follow the procedures set out in the Inmate Grievance Policy ("IGP"). This requires filing a timely informal resolution, followed by a formal grievance, then a grievance appeal. (#18, Ex. A) The Deputy Director's written decision or rejection of an appeal marks the end of the grievance process. (#18, Ex. A, Section G, number 6)

Based on the undisputed evidence offered by the Defendants, between March 1, 2016 and August 27, 2016, Mr. Guthrie filed nine medical grievances.[1] (#18, Ex. B & C) He voluntarily waived his right to pursue two of the nine medical grievances. (#18, Ex. B, WR-16-00251 and WR-16-00251) He did not timely appeal Grievance WR-16-00227, and the appeal was rejected by the Deputy Director as untimely. (#18, Ex. B & C)

Four of the medical grievances (WR-16-00246; WR-16-00247; WR-16-00248; WR-16-00249) were rejected at the unit level due to Mr. Guthrie's failure to comply with the IGP.[2] (#18, Ex. B & C) Mr. Guthrie did not appeal the rejection of those grievances. (*Id.*) The Deputy Director's decision on the appeal of WR-16-00236 was issued on October 17, 2016; and his decision regarding grievance WR-16-00237 was issued on September 27, 2016. (*Id.*) Both decisions were issued after Mr. Guthrie filed this lawsuit on August 26, 2016.

---

[1] This time period covers Mr. Guthrie's entry into the ADC for this term of his incarceration until the day after he filed this lawsuit.

[2] It is not clear why each grievance failed to comply with the policy; only that the ADC rejected each one.

Mr. Guthrie argues that he was not required to appeal Grievance WR-16-00236 to the Deputy Director since his unit level appeal was found to have merit on August 23, 2016; and therefore, he fully exhausted his grievance on August 23, 2016, before filing this lawsuit.  (#21)  Even though Mr. Guthrie was not required to appeal the August 23, 2016 response if he agreed with the response, the fact is that he did appeal the response.  In his appeal to the Deputy Director, Mr. Guthrie argued that the matter he grieved was not resolved.  (#18, Ex. B, p.6)  Once he filed his appeal to the Deputy Director, Mr. Guthrie was required to wait for the Deputy Director's review and decision in order for his grievance to be deemed fully exhausted.  Any other outcome would require the court to parse whether a grievance response adequately resolved an inmate's grievance.

Because Mr. Guthrie did not fully exhaust any of the nine medical grievances he filed before he commenced this action, the Court cannot hear his claims.

### III.   Conclusion:

Defendants' motion for summary judgment (#17) should be GRANTED based on Mr. Guthrie's failure to exhaust administrative remedies.  Mr. Guthrie's motion for summary judgment (#21) should be DENIED, as moot.  This lawsuit should be DISMISSED, without prejudice.

IT IS SO ORDERED, this 9th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE