# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**GEORGE GUTHRIE,**                                                           **PLAINTIFF**
**ADC #163208**

**V.**              **CASE NO. 4:16-CV-613-KGB-BD**

**MELANIE D. JONES-FOSTER, et al.**                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**    **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections should be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**    **Discussion:**

    A.    Background

Plaintiff George Guthrie, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2, #6) The only remaining claim is against Defendant Cashion, who was Warden of the Wrightsville Unit of the ADC during all times relevant to Mr. Guthrie's claim. Mr.

Guthrie claims that Defendant Cashion transferred him from the Wrightsville Unit in retaliation for filing grievances about the medical care he received at the Wrightsville Unit.

Defendant Cashion has now filed a motion for summary judgment, contending that Mr. Guthrie failed to exhaust his administrative remedies against him before filing his claim in this lawsuit. (#45) Mr. Guthrie has not responded to the motion for summary judgment, and the time for responding has passed.

B.   Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ( "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

It is not clear from the record the exact date Mr. Guthrie was transferred from the Wrightsville Unit, but he was clearly still at Wrightsville as of August 2, 2016, as evidenced by a grievance he wrote against other ADC employees about his medical care. (#18-2, p.17) When he filed his original complaint on August 26, 2016, Mr. Guthrie listed his address as the prison unit in Calico Rock. (#2) It is undisputed, therefore, that

he was transferred from the Wrightsville Unit sometime between August 2, 2016 and August 26, 2016.

Mr. Guthrie filed his claim against Defendant Cashion in an amended complaint on September 8, 2016. As in his original complaint, Mr. Guthrie listed his address in the amended complaint as the ADC unit at Calico Rock.

Shelly Byers, the grievance coordinator for the ADC, filed an affidavit in support of Defendant Cashion's motion for summary judgment. Ms. Byers states that she reviewed all grievances Mr. Guthrie filed between June of 2016—well before his transfer from Wrightsville—to April of 2018, and found no grievances against Defendant Cashion complaining of a retaliatory transfer. (#45-1) As noted, Mr. Guthrie has not offered any evidence to controvert Ms. Byer's declaration.

### III. Conclusion:

The undisputed evidence shows that George Guthrie did not exhaust his administrative remedies against Defendant Cashion related to a retaliatory transfer prior to filing his claim against Defendant Cashion in this lawsuit. The Court recommends, therefore, that Defendant Cashion's motion for summary judgment (#45) be GRANTED, and that this lawsuit be DISMISSED, without prejudice.

DATED, this 25th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

3